COURT OF APPEAL

PARISH OF ORLEANS.

————

OSCAR BUTTNER

VERSUS

JOHN J. PALMISANO.

————

3/19/23

Dinkelspiel; J.

This is a damage suit. And from a judgment dismissing said suit an appeal was allowed to the Supreme Court of this State, which Court transferred this cause to this Court, and in so doing Mr. Justice St. Paul, the organ of the Court, rendered the following opinion: ~~xxxxxxxxxxxxxxxxxxxxxxx~~

"Plaintiff alleges that on September 13th, 1919, he purchased from defendant, a certain wagon and tools for $180.00, of which he paid $153.50 November 7th, 1919, and $27.50 on February 10th, 1920; that on February 6th, 1920, defendant stopped him on the street, forcably unhitched petitioner's horse and took possession of the wagon, and then struck petitioner when he attempted to interfere. That defendant kept the wagon four days and until the sum of $27.50 (which was then due) had been paid. Wherefore petitioner lost four ~~dollarxxxfxx~~ days work at five dollars per day; $80.00 in trade permanently withdrawn from him; $1,000.00 ~~dx~~ for loss of the good opinion and esteem of his neighbors who witnessed the occurrence, and $3500.00 for mental anguish and the bodily fear to which he was put by said defendant. The defense was that the plaintiff consented that the ~~defxxdxxxkxxxd~~ defendant should take and hold the wagon until the balance of $27.50 was paid. The trial Judge found for defendant and plaintiff appealed to this Court. Not a line of evidence was introduced to show that any of plaintiff's neighbors witnessed the occurrence or that plaintiff lost any of their good opinion or esteem, and the claim of $3500.00 for mental anguish and bodily fear is ~~maxfxx~~ manifestly forced and exagerated."

The evidence in this case is contradictory, but in its principal portions it presents the fact that plaintiff ~~kxx~~ bought from the defendant, the wagon at a given price, kept it for a
horse and
certain number of months, and on the day of this occurrence,
plaintiff
~~kxxfxxxxxx~~ meeting defendant, his partner, and a colored boy ~~dxxxxxxxxx~~ driving the wagon at right near where defendant lived,

demanded the balance due him which he alleges had been promised to him, took hold of the horse's head and plaintiff jumped from his wagon, endeavored to free the horse from defendant's hands and in the encounter the evidence shows that defendant struck at this boy, who was not more than nineteen years of age at the time of this occurence, and finally got possession of the horse and wagon and took it into his own possession. This evidence is concurred in by the partner. The colored boy frightened, ran away from the scene of the occurrence. The defendant and several of his witnesses partially deny these statements and assert that plaintiff voluntarily surrendered the horse and wagon in question, told defendant to keep it in his possession until the balance of the amount due him was paid, which would be done in a few days, and the witness, some of them, partially concur in this statement, and one of them not entirely. max    Subsequent to this occurrence a charge of assault and battery was made in the Criminal Court against the defendant and he was fined the sum of Ten Dollars, from which he took an appeal, and this record does not show whatever became of the appeal, whether it was tried or what other disposition was made of it. Be that as it may, we are satisfied of one thing, and that is that the defendant forcably, violently took possession, without the consent of plaintiff, of the horse and wagon, jmtxkk put it into his own premises and kept it there for several days, until he was paid by plaintiff the amount claimed to be due to him.

In the decision of this case in the Court aquo, the learned Judge, deciding this case in favor of defendant, gave the following reasons:

"This is a suit between distant relatives by marriage, which shows no serious violation of plaintiff's rights. Defendant sold plaintiff a wagon and certain tools for a price, which plaintiff neglected to pay, and after some talk leading defendant to believe that the wagon would be surrendered to

335

the defendant on the following morning took possession of it nd and held it for two or three days when plaintiff appeared paid the balance and took his wagon, and tools. It appears that the cause of action is too trivial to warrant a judgment. Suit dismissed."

On motion for a new trial, the Judge in a written opinion says:

"I am satisfied that an agreement was made to surrender this horse and wagon to the vendor as security. When the purchaser purchaser failed to pay this amount defendant took the horse and wagon when the purchasers changed their minds in this agreement."

The damage if any is trivial, hence new trial refused."

From the decisions of our own Court, in three separate cases, the first, Stella Washington vs. Singer Sewing Machine Company, to be found in 10th Court of Appeal, p 270, quoting from the syllabus: "Parties undertaking to take the law in their own hands and to substitute violence for legal process should be made to feel the weight of judicial procedure."

In the second case, to be found in the same volume, John Greenlee vs. Singer Sewing Machine Company, the syllabus reads as the syllabus in the Washington case quoted above.

And the third and last case, John Bettis vs. Singer Sewing Machine Company, virtually decides identically on the same propositions as in the two case just cited, and adds in that decision the following language, which is quoted in Thayer vs. Littlejohn, 1st Rob. 140, wherein the Court held:

"But it was effected without judicial process, and it is is not material how gently defendant acted, it was a trespass vi et armis in contemplation of law, and plaintiff is entitled to recover substantial damages."

Both plaintiff and defendant have known each other for many years, in fact they are related by marriage, defendant knew

plaintiff when he was a mere lad, and there had never been
so far as this record shows, any breach or any misunderstand-
ing between these two parties until the incident referred to
occurred, and then doubtless in the heat of passion, and with-
out seriously contemplating the effects of his action, defend-
ant struck plaintiff and finally succeeded in taking over the
horse and wagon, which he had sold and for which he had re-
ceived all but $27.50 out of $180.00, the price of same.  De-
fendant did wrong; he had no right as decided by this Court,
to take the law into his own hands, which he did, and for
this plaintiff is entitled to some damages.  We are satisfied
that awarding the plaintiff the sum of $200.00 for the loss of
his property together with the blow inflicted upon him by de-
fendant will answer all the purposes of justice.

For the reasons assigned, it is ordered, adjudged,
and decreed, that the judgment of the Court aquo be and the
same is hereby annulled, reversed and avoided, and that there
now be judgment in favor of plaintiff and against the defend-
ant in the full sum of $200.00 with legal interest thereon
from judicial demand until paid, and defendant to pay costs
of both Courts.

Judgment Judgment annulled and reversed
and judgment in favor ⁄ plaintiff.